UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID MICHAEL MARTIN,                )
                                     )
                Petitioner,          )        Case No. 1:05-cv-281
                                     )
v.                                   )        Honorable David W. McKeague
                                     )
CARMEN D. PALMER,                    )
                                     )
                Respondent.          )
_____)

## OPINION

       This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254.  Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243.  If so, the petition must be summarily dismissed.  Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face).  A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999).  After undertaking the review required by Rule 4, the Court concludes that Petitioner is not entitled to habeas relief.

**Discussion**

I.      Factual Allegations

Petitioner is currently incarcerated in the Deerfield Correctional Facility. On April 13, 1995, Petitioner pleaded guilty in the Genesee County Circuit Court to third-degree criminal sexual conduct (CSC III). The trial court sentenced him to imprisonment of ten to twenty years and six months. Petitioner also was convicted of CSC III in 1986, for which he was sentenced to imprisonment of six to fifteen years. The instant habeas petition does not concern Petitioner's criminal convictions; rather, he challenges the Michigan Parole Board's decision denying his parole on December 17, 2004.

The Michigan Parole Board must follow the parole guidelines promulgated by the Michigan Department of Corrections. *See* MICH. COMP. LAWS § 791.233(e)(5). The parole board may depart from the guidelines by denying parole to a prisoner who scores under the guidelines as having a high probability of parole, but any such departure "shall be for a substantial and compelling reasons stated in writing." *See* MICH. COMP. LAWS § 791.233(e)(6). Petitioner scored under the parole guidelines as having a high probability of parole. In denying Petitioner's parole, the board provided the following substantial and compelling reason for departing from the parole guidelines: "The P.B. is not assured that prisoner's risk of re-offending has been diminished, despite completion of recommended therapy. Prisoner is deemed an unwarranted risk to public safety at this time." The parole board noted that the offense involved a family member or acquaintance, violated a position of trust or authority and involved a child victim. The board further noted Petitioner's history of parole failure and longstanding history of substance abuse. Petitioner sought reconsideration of the decision, but was denied on March 9, 2005.

Petitioner contends that the mandatory language of MICH. COMP. LAWS § 791.233(e)(6) creates a liberty interest in parole for prisoners who score as having a high probability of parole. Petitioner claims that the parole board failed to provide a "substantial and compelling reason" for departing from the parole guidelines in violation of his due process rights. For relief, Petitioner seeks release on parole.

II.    Exhaustion of State Court Remedies

Before the court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971) (cited by *Duncan v. Henry*, 513 U.S. 364, 365 (1995) and *Anderson v. Harless*, 459 U.S. 4, 6 (1982)). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *Duncan*, 513 U.S. at 365-66; *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845.

Under recent statutory and rule amendments by the Michigan Legislature and Michigan Supreme Court, respectively, a prisoner no longer has an ability to appeal a parole denial under state statute. The former version of MICH. COMP. LAWS § 791.234(8) provided that the grant or denial of parole by the Michigan Parole Board could be appealed to the circuit court by the

- 3 -

prisoner, prosecutor or victim. *See* MICH. COMP. LAWS § 791.234(8) (West. 1999). The new version eliminated the ability of a prisoner to appeal a parole denial, and provides only that a grant of release on parole may be appealed by the prosecutor or the victim. *See* MICH. COMP. LAWS § 791.234(9) (as amended by 1999 Mich. Pub. Acts 191). The legislation was approved on November 24, 1999. Following the lead of the Michigan Legislature, the Michigan Supreme Court amended Michigan Court Rule 7.104, effective March 10, 2000, eliminating the provisions regarding the methods by which a prisoner could appeal a parole denial. *See* M.C.R. 7.104(D)(1), (2)(a). However, certain types of parole denial claims involving radical defects in legal process may be cognizable in state habeas corpus proceedings or by complaint for an order of mandamus. *See Morales v. Michigan Parole Board*, 676 N.W.2d 221, 229-30 (Mich. Ct. App. 2003), *lv. app. denied* 682 N.W.2d 90 (Mich. 2004).

Consequently, because state statute prohibits a prisoner from appealing a parole denial, Petitioner appears to have no available state court remedy in which to exhaust his claims. Even if he did have a method to challenge the decision, such as a state writ of habeas corpus or mandamus, *see Morales*, 676 N.W.2d at 229-30, this Court may still deny his action on the merits. *See* 28 U.S.C. § 2254(b)(2).

III.   Due Process

Petitioner claims that he was denied parole in violation of his due process rights. To sustain such a claim, petitioner must first establish that he has a liberty interest in parole that is entitled to protection by the Due Process Clause. *Meachum v. Fano*, 427 U.S. 215, 224 (1976); *see Board of Pardons v. Allen*, 482 U.S. 369 (1987). Liberty interests may arise from the Constitution itself or from the provisions of state law. *See Hewitt v. Helms*, 459 U.S. 460, 466 (1983). A prisoner

- 4 -

has no constitutional or inherent right to be released on parole before the expiration of the prisoner's sentence. *Greenholz v. Inmates of the Nebraska Penal & Correctional Complex*, 442 U.S. 1, 7 (1979). The state is therefore free to institute parole systems, but it has no duty to do so. *Id.*; *see Rose v. Haskins*, 388 F.2d 91, 93 (6th Cir. 1968). A prisoner has a liberty interest in the possibility of parole if, but only if, state law creates a legitimate expectation of parole release by the use of mandatory language limiting the discretion of the Parole Board. *See Allen*, 482 U.S. at 373-75. In the absence of a state-created liberty interest, the Parole Board can deny release on parole for any reason or no reason at all, and the Due Process Clause has no application. *See Inmates of Orient Correctional Inst. v. Ohio State Adult Parole Auth.*, 929 F.2d 233, 236 (6th Cir. 1991).

In *Sweeton v. Brown*, 27 F.3d 1162, 1164-65 (6th Cir. 1994) (en banc), the Sixth Circuit, noting "the broad powers of the Michigan authorities to deny parole," held that Michigan's parole system does not create a liberty interest in parole. Subsequent to its 1995 decision, the Sixth Circuit has recognized the continuing validity of *Sweeton* and has continued to find that Michigan's Parole scheme creates no liberty interest in being released on parole. *See Ward v. Stegall*, No. 03-1804, 2004 WL 614581 (6th Cir. March 24, 2004); *Martin v. Ohio Adult Parole Auth.*, No. 03-3642, 2003 WL 22976604, at *1 (6th Cir. Dec. 8, 2003); *Bullock v. McGinnis*, No. 00-1591, 2001 WL 180978, at *2 (6th Cir. Feb. 14, 2001); *Turnboe v. Stegall*, No. 00-1182, 2000 WL 1679478, at *1 (6th Cir. Nov. 1, 2000); *Hawkins v. Abramajtys*, No. 99-1995, 2000 WL 1434695, at *2 (6th Cir. Sept. 19, 2000); *Irvin v. Michigan Parole Bd.*, No. 99-1817, 2000 WL 800029, at *2 (6th Cir. June 14, 2000); *Clifton v. Gach*, No. 98-2239, 1999 WL 1253069, at *1 (6th Cir. Dec. 17, 1999). The Michigan Supreme Court also has recognized that there is no liberty interest in parole under the Michigan system. *Glover v. Michigan Parole Bd.* 596 N.W.2d 598, 603-04 (Mich. 1999).

Furthermore, the Sixth Circuit has held in unpublished decisions that particular parts of Michigan's statutory parole scheme do not create a liberty interest in parole. *See Fifer v. Michigan Dep't of Corr.*, No. 96-2322, 1997 WL 681518, at *1 (6th Cir. Oct. 30, 1997); *Moran v. McGinnis*, No. 95-1330, 1996 WL 304344, at *2 (6th Cir. June 5, 1996); *Leaphart v. Gach*, No. 95-1639, 1995 WL 734480, at *2 (6th Cir. Dec. 11, 1995); *Vertin v. Gabry*, No. 94-2267, 1995 WL 613692, at *1 (6th Cir. Oct. 18, 1995); *Neff v. Johnson*, No. 92-1818, 1993 WL 11880, at *1 (6th Cir. Jan. 21, 1993); *Janiskee v. Michigan Dep't of Corr.*, No. 91-1103, 1991 WL 76181, at *1 (6th Cir. May 9, 1991); *Haynes v. Hudson*, No. 89-2006, 1990 WL 41025, at *1 (6th Cir. April 10, 1990). In *Carnes v. Engler*, No. 03-1212, 2003 WL 22177118 (6th Cir. Sept. 19, 2003), the plaintiff argued that the Michigan parole scheme created a liberty interest in parole because it places severe restrictions on the board's discretion to grant or deny parole, and because it requires the board to provide "substantial and compelling reasons" for departing from the parole guidelines. The Sixth Circuit rejected the plaintiff's arguments, holding that "the ultimate authority to grant parole still lies with the discretion of the parole board." 2003 WL 22177118, at *1. Because Plaintiff has no liberty interest at stake, he fails to state a claim for a violation of his procedural due process rights.

## Conclusion

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 because it lacks merit on its face.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination

that the habeas action, on its face, lacks sufficient merit to warrant service.  It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted.  *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Commissioner of Correction of the State of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability.  *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001).  Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted.  *Id.* at 467.  Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000).  *Murphy*, 263 F.3d at 467.  Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Id.*  "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El v.  Cockrell*, 537 U.S. 322, 327 (2003).  In applying this standard, the court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of petitioner's claims.  *Id.*

The Court finds that reasonable jurists could not find that this Court's dismissal of each of Petitioner's claims was debatable or wrong.  It is well established that Michigan's parole scheme does not create a liberty interest in parole.  Therefore, the Court will deny Petitioner a certificate of appealability.

A Judgment consistent with this Opinion will be entered.


Dated:  May 31, 2005                                    /s/    David W. McKeague
                                                        David W. McKeague
                                                        United Stated District Judge